TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
ALEX L. YOUNG (Cal. Bar No. Pending)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2024
     Facsimile: (213) 894-0141
     E-mail:   alex.young@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:26-cr-00396-RGK-1 |
|---|---|
| Plaintiff, | |
| v. | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| JEFFREY CARRION, aka "Trip," | |
| Defendant. | **CURRENT TRIAL DATE: August 11, 2026 PROPOSED TRIAL DATE: February 23, 2027** |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Alex L. Young, and defendant Jeffrey Carrion ("defendant"), both individually and by and through his counsel of record, Shaun Khojayan, hereby stipulate as follows:

1.   The Indictment in this case was filed on June 17, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 4, 2026.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 26, 2026.

2.   On June 23, 2026, the Court set a trial date of August 11, 2026.

3.   Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4.   By this stipulation, defendant moves to continue the trial date to February 23, 2027.  This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).  The government has produced defendant's Mirandized interview, law enforcement reports, records, pictures and videos related to the charged conduct, and defendant's criminal history records.

b.   Defense counsel has the conflicts as set forth in the attached Appendix.  In addition, defendant is currently at White Memorial Hospital suffering from a medical issue that will require surgery.  It is unclear how long defendant's recovery will be. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

c.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.    The government does not object to the continuance.

f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of July 2, 2026, to February 23, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

3

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 27, 2026              Respectfully submitted,

                                  TODD BLANCHE
                                  Acting Attorney General

                                  BILAL A. ESSAYLI
                                  First Assistant United States
                                  Attorney

                                  Chief Assistant United States
                                  Attorney
                                  Chief, Criminal Division


                                  __/s/ Alex L. Young_____
                                  ALEX L. YOUNG
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

4

I am Jeffrey Carrion's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than February 23, 2027, is an informed and voluntary one.

Date 7/10/26

Shaun Khojayan
Attorney for Defendant
Jeffrey Carrion

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 23, 2027.

Date 7/10/26

Jeffrey Carrion
Defendant

**APPENDIX: LIST OF ATTORNEY OBLIGATIONS**

Counsel for defendant Jeffrey Carrion, Shaun Khojayan, represents that he has the following obligations:

- *United States v. Munoz et al* (Juan Lopez), Case Number: 2:15-cr-00688-DSF-12, trial on August 25, 2026, drug trafficking trial, to last one week.

- United States v. Melendez et al (Vicente Ramos), Case Number: 2:26-cr-00312-MWF-2, trial on January 12, 2027, firearm trafficking trial to last one week.

- United States v. Nania et al (Salvador Perez), Case Number: 2:25-cr-00840-MEMF-2, trial on January 19, 2027, representing number 2 defendant in multi-defendant drug trafficking trial, to last one month.

- USA v. Sanchez et al (Victor Sanchez), Case Number: 2:25-cr-01032-MWF-1, trial on March 9, 2027, representing lead defendant in multi-defendant (17 defendants) in drugs and firearm trafficking trial (defendant Sanchez faces 31 counts) that will last at least one month.

Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare and be available to try this case on the current trial date.